# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Nos. 11-CR-99-GKF |
| ) | 14-CV-710-GKF-FHM |
| BENJAMIN RYAN SPENCE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is the Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. #142] of defendant Benjamin Ryan Spence. In May 2012, Spence was convicted of one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and, shortly thereafter, was sentenced as an armed career criminal to 180 months' imprisonment. In his present motion, Spence asserts that he was sentenced under residual clause of the Armed Career Criminal Act ("ACCA") and, consequently, that his sentence is invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] For its part, the government agrees that Spence's sentence is no longer valid and that resentencing is warranted.[2]

The ACCA "imposes a 15–year mandatory prison term on an individual convicted of being a felon in possession of a firearm *if* that individual has 'three previous convictions . . . for a violent felony or a serious drug offense, or both.'" *Chambers v. United States*, 555 U.S. 122,

---

[1] In *Welch v. United States,* 136 S. Ct. 1257, 1268 (2016), the Supreme Court held "that *Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."

[2] Although Spence's amended motion asserts six grounds for relief, he has since withdrawn all arguments except for his *Johnson* claim. [*See* Dkt. #148, p. 1 ("Spence concurs with the government's reasoned analysis in support of Ground Five and hereby waives any further arguments regarding Grounds One, Two, Three, Four, and Six.")]. The court dismisses these other claims as moot.

124 (2009) (emphasis in original) (quoting 18 U.S.C. § 924(e)(1)).  The statute defines a "violent felony" as a "crime punishable by imprisonment for a term exceeding one year" that either

>  (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>  (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B).  The closing words of this definition, italicized above, are known as the Act's "residual clause," and it is this clause that the Supreme Court struck down as unconstitutionally vague in *Johnson*.  *See* 135 S. Ct. at 2563.

Here, Spence was sentenced as an armed career criminal based in part on an Oklahoma conviction for assault and battery on a police officer.  [*See* PSR at ¶ 19].  As the government acknowledges, this conviction "qualifie[s] as a violent felony only under the residual clause" of the ACCA.  [Dkt. #146, p. 17]; *see also United States v. Williams*, 559 F.3d 1143, 1147–48 (10th Cir. 2009) (treating an Oklahoma conviction for assault and battery on a police officer as a crime of violence under the residual clause); *United States v. Smith*, 652 F.3d 1244, 1247 (10th Cir. 2011) (holding that simple battery under Oklahoma law is not a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another").  Excluding this conviction, Spence no longer qualifies for sentencing under the ACCA.  For this reason, vacatur of his sentence is warranted.

WHEREFORE, Spence's Motion to Vacate, Set Aside, or Correct Sentence [Dkt. #142] is granted in part and moot in part.  His motion is granted as to Ground Five and moot as to all other grounds.  The Judgment and Commitment [Dkt. #79] is vacated.  Following the entry of this order, the court will set a date for resentencing, issue an order to secure the defendant's

- 3 -

presence at the resentencing hearing, order the preparation of a revised presentence investigation report, and appoint counsel for the defendant.

    IT IS SO ORDERED this 13th day of July, 2016.

                                        GREGORY K. FRIZZELL, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT